UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SUPTO UDDIN,

                          Plaintiff,                          **REPORT AND RECOMMENDATION**
- against -                                     **19 CV 6103 (RPK) (LB)**

TIRES 13, INC., *and* FRANK DEANGELIS,

                          Defendants.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff Supto Uddin ("plaintiff" or "Uddin") brings this action against defendants Frank DeAngelis ("DeAngelis") and Tires 13, Inc. ("Tires 13"), alleging that defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay plaintiff proper overtime compensation, as well as various violations of the New York Labor Law ("NYLL"). Compl., ECF No. 1. Plaintiff's counsel filed a motion on behalf of both sides seeking approval of the parties' settlement agreement on December 4, 2020. Mot. Settlement Approval, ECF No. 14 [hereinafter "Settl. Mot."]. The Honorable Rachel P. Kovner referred the parties' motion for settlement approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Electronic Order 12/7/2020. For the reasons set forth below, it is respectfully recommended that the parties' motion for settlement approval should be granted.

## BACKGROUND

      Uddin was employed as a delivery person by DeAngelis and Tires 13, an automotive tire business in Brooklyn, New York, for approximately six months until on or about March 30, 2019.[1] Compl. ¶¶ 13, 15-16. Uddin worked for defendants "50-60 or more hours a week" and "was paid at an hourly rate of $13- $15 an hour at separate times during his employment," but he "was not

---

[1] The complaint also notes that, "[t]he circumstances of Plaintiff's termination by Defendants are still under review and investigation and Plaintiff may bring wrongful termination claims at a later date." Compl. ¶ 36.

1

paid *any* wages for his overtime hours (hours over 40 in a week) . . . for each week during his employment with Defendants." Id. ¶¶ 17-19 (emphasis in original).[2]  Plaintiff's complaint alleges that defendants willfully violated the NYLL and FLSA by failing to pay Uddin proper overtime and minimum wages and by failing to provide proper wage notices and statements.  Id. ¶¶ 21-24.  Accordingly, plaintiff seeks, *inter alia*, to recover his unpaid wages, liquidated damages, fees, and costs.  Compl. ¶¶ 56-62; see also Settl. Mot. 1.

## PROCEDURAL HISTORY

Plaintiff commenced this action on October 30, 2019, by filing the complaint.  ECF No. 1. Defendants responded to the complaint on January 6, 2020, by filing their joint answer including various affirmative defenses.  ECF No. 6.  On January 7, 2020, the Court entered an initial pretrial Order, setting a discovery and mediation schedule pursuant to Rule 16 of the Federal Rules of Civil Procedure.  ECF No. 7.  Upon the parties' request, see ECF Nos. 8-9, this matter was referred to the Court-annexed mediation program, Electronic Order 4/2/2020.  After reaching a settlement in principle, the parties formalized their settlement agreement and filed the instant motion for settlement approval, as directed in accordance with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  ECF Nos. 13-14; Electronic Order 11/13/2020. The motion for settlement approval, ECF No. 14, was referred to me for a Report and Recommendation. Electronic Order 12/7/2020.

---

[2] The complaint states that "[a] more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL." Compl. ¶ 19.

## DISCUSSION

**I.     Approval of the Settlement**

   A.   Standard for Approving FLSA Settlements

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues[.]" Kochilas v. Nat'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations and internal quotation marks omitted); see also Fisher v. SD Protection Inc., 948 F.3d 593, 600 (2d Cir. 2020)  (noting that district courts "typically evaluate the fairness of a settlement agreement by considering the factors outlined in Wolinsky . . . "). Furthermore, courts in this Circuit have rejected restrictive confidentiality provisions and overbroad liability releases

3

in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15 Civ. 327, 2015 WL 7271747, at *3-5 (S.D.N.Y. Nov. 6, 2015) (collecting cases). "When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher, 948 F.3d at 606 (citation omitted).

### B. The Settlement is Fair and Reasonable

The instant motion for settlement approval includes the parties' proposed settlement agreement. See Settlement Agreement & Release, ECF No. 14-1 [hereinafter "Settl. Ag." or "Agreement"]. Defendants agree to pay plaintiff a total settlement of $9,000.00. Settl. Ag. ¶ 2. Of the total amount, plaintiff shall be paid $3,000.00, and plaintiff's counsel shall be paid $6,000.00, inclusive of fees and costs. See Settl. Ag. ¶ 2; Settl. Mot. 2. The settlement payment shall be made in seven installments, with separate checks made payable to plaintiff and plaintiff's counsel, with the first installments due within thirty (30) days of the Court's approval of the settlement and the remaining installments due at thirty-day intervals thereafter. See Settl. Ag. ¶ 2.[3]

Counsel reports that plaintiff's allegations were "refined after extensive discussions, exchange of information and input at the mediation conducted by an experienced mediator from this Court's mediation panel – Mr. Raymond Nardo." Settl. Mot. 1. Although the complaint alleges that plaintiff worked and was owed much more, counsel reports that defendants dispute the hours alleged and, according to defendants' time records, plaintiff "worked approximately 5.36

---

[3] The parties have agreed that, in the event that defendants default on paying the settlement and do not cure the default, plaintiff has the right to a judgment or supplemental judgment against defendants in the amount of $15,000, less any monies already paid by defendants. See Settl. Ag. ¶ 2(i). The Court retains jurisdiction to enter such judgment. Id.

overtime hours and would be owed overtime wages of about $75.04." Settl. Mot. 2.[4] In addition, the parties' exchanges revealed that defendants provided plaintiff with wage statements and "some type of wage notice[.]" Id. Counsel also states that defendants cannot afford to pay a greater settlement sum. Settl. Mot. 3. Counsel also represents that the settlement was reached after arm's-length negotiation between experienced attorneys. Id.

     Having reviewed the record in this case, I conclude that plaintiff's recovery is reasonable under the instant circumstances. The parties assert a bona fide dispute regarding the number of hours that plaintiff worked for defendants and the amount of compensation he is due. The settlement provides plaintiff with certainty regarding his recovery from defendants in a case where the burdens and risks of proceeding with litigation would be high. Because the parties reached a settlement prior to the start of formal discovery, the parties avoided the burdens and costs of completing discovery, motion practice, and trial preparation. See Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (citation omitted) (approving FLSA settlement and noting how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation."). The parties' settlement is the product of arm's-length negotiations between counsel with the benefit of oversight by an experienced mediator, and the record does not reflect any fraud or collusion. See Vidal v. Eager Corp., No. 16 CV 979, 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) ("The terms of the Settlement in this case were hammered out during mediation, which suggests both that the provisions are the product of arm's length bargaining and that there is a reduced risk of collusion between the plaintiff[']s attorney and defense counsel."). Taking into account the parties' genuine

---

[4] Plaintiff's counsel did not provide a damages calculations table based on plaintiff's allegations, which would have been helpful to the Court; however, it suffices to say that, if plaintiff were to prove the allegations in his complaint, his best possible recovery would be significantly more than $75.04.

disputes as to liability and damages in this case, I find that plaintiff's recovery is fair and reasonable.

In addition, the Agreement does not contain any terms that would preclude approval. For example, the Agreement does not contain a confidentiality provision or non-disparagement clause. The Agreement provides that plaintiff releases defendants "from any and all claims in connection with Plaintiff's employment with Defendants, as of the date of execution of this Agreement, consistent with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015)." Settl. Ag. ¶ 4. Although the Agreement's release could be interpreted broadly, in light of the complaint's allusion to other possible claims by plaintiff against defendants, see Compl. ¶ 36, the release is not unfair.[5]

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citing Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick v. PQ New York, Inc., No. 14 Civ. 899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (alteration in original) (citation omitted). Accordingly, I interpret the release to mean that plaintiff releases the wage-and-hour causes of action brought in the complaint up until the date of the execution of the Agreement.[6] See

---

[5] In addition, defendants also release plaintiff. See Settl. Ag. ¶ 2(h).
[6] If any party disagrees with this construction of the release, that party shall object to the Report within fourteen days. While there might be a basis to conclude that releasing additional non-FLSA, employment-related claims would be appropriate in this case, the information supplied in the parties' motion is insufficient to show that releasing such claims would not "confer[] an uncompensated, unevaluated, and unfair benefit on the employer[.]" Lopez, 96 F. Supp. 3d at 181 (citation omitted). Cf. Bukhari v. Senior, No. 16 Civ. 9249, 2018 WL 559153, at *2 (S.D.N.Y. Jan. 23, 2018) (noting that the benefit to plaintiff from the mutual release was "elusive" on the record before the Court).

Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (citation omitted) ("[A] number of judges in this [Circuit] refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'"); see also Yunda v. SAFI-G, Inc., No. 15 Civ. 8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017) (collecting cases where settlements approved only if releases for known and unknown claims are limited to wage-and-hour issues); cf. Batres v. Valente Landscaping Inc., No. 14 CV 1434, 2016 WL 4991595, at *3 (E.D.N.Y. Sept. 15, 2016) (finding provision overbroad that required plaintiffs to release "*any and all other employment-related claims* arising up to and including the date Plaintiffs sign [the] Agreement.") (emphasis added). Thus, because the Court construes the release here as tailored to the FLSA and NYLL claims asserted in this litigation, I find that it is fair and reasonable.

I also find that the fee award is reasonable. The Court evaluates the reasonableness of the attorney's fee to ensure that the simultaneous negotiation of the settlement of plaintiff's claims and the attorney's fee does not create a conflict between counsel's interest in fees and plaintiff's interest in obtaining the best possible recovery. See Wolinsky, 900 F. Supp. 2d at 336. Although "there is a greater range of reasonableness" when the parties agree to a fee amount through negotiation, the Court nonetheless "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Id. (citation and internal quotation marks omitted). A "fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs," and the Court reviews the contemporaneous time records to assess the reasonableness of the proposed fees. Fisher, 948 F.3d at 600, 606 (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)); Lopez, 96 F. Supp. 3d at 181 (citation omitted) ("[A] proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'"). The Second Circuit has "instructed

7

that 'the reasonableness of the fees does not turn on any explicit percentage cap,' and instead, 'the most critical factor in determining the reasonableness of a fee award is the degree of success obtained.' Nevertheless, while the percentage of attorney's fees cannot be 'determinative,' it can be 'helpful.'" Valencia v. Nassau Country Club, No. 18 CV 02724, 2020 WL 6867911, at *2 (E.D.N.Y. Nov. 23, 2020) (internal citations omitted); see also Fisher, 948 F.3d at 602 (concluding that the district court "erred in evaluating the fees portion of the settlement agreement as a separate fee application rather than as part of a complete settlement agreement").

Here, plaintiff's counsel submits time records for 20.76 hours of work and seeks $5,107 in fees. Settl. Mot. Ex. 2 at 4; Settl. Mot. 2-3. Plaintiff's counsel states that his fees, calculated on an hourly basis, would amount to either $12,456 at a rate of $600 per hour or $9,342 at a rate of $450 per hour. Settl. Mot. 3. Thus, while counsel's recovery represents over half of the total settlement amount, it is less than the lodestar amount and less than what counsel claims he is entitled to under the retainer agreement. Cf. Yunjian Lin v. Grand Sichuan 74 St Inc., No. 15 Civ. 2950, 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018) (explaining why the proposed fee amount was reasonable when compared to an award under the lodestar method); Montenegro v. NMN Food LLC, No. 18 Civ. 3153, 2018 WL 6618372, at *2 (S.D.N.Y. Dec. 18, 2018) (noting that plaintiff's counsel requested "less than what they claim they are entitled to under their retainer agreement."). In light of the recovery obtained for plaintiff relative to what defendants' time records indicate he was owed, and having reviewed plaintiff's counsel's detailed time records, I find that the fee award of $5,107 is fair and reasonable. [7]

---

[7] I recommend approval of the settlement based on the $5,107 fee amount identified in the parties' motion. Nevertheless, the Court has concerns regarding some of Mr. Hassan's time entries. For example, on November 5, 2019, Mr. Hassan bills at an attorney rate for work that appears clerical. See Settl. Mot. Ex. 2 at 2; cf. Lilly v. City of New York, 934 F.3d 222, 233-34 (2d Cir. 2019) ("The fact that [counsel] is a solo practitioner does not entitle him to his full hourly rate as an attorney for purely clerical work."). Some other entries also appear excessive. However, even if counsel's hours or rates were reduced to account for

The cost award is also reasonable.  Plaintiff's counsel recovers $893 in costs under the Agreement. Settl. Mot. 2; Settl. Ag. ¶ 2(c).  A cost award generally includes "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." Fisher, 948 F.3d at 600 (citations omitted).  Here, plaintiff seeks reimbursement for filing ($400), mediation ($300), and service costs ($193), Settl. Mot. 2, and provides corresponding receipts and invoices for the expenses, Settl. Mot. Ex. 4.  As the enumerated expenses are typically charged to fee-paying clients and "appear to be reasonable, incidental, and necessary to the representation of [plaintiff] in this action," Fisher, 948 F.3d at 601, and there is adequate documentation in the record to support that the expenses were indeed incurred, I find that the cost award is fair and reasonable.

---

the Court's concerns, the total lodestar amount would still be greater than the fees received under the settlement, and therefore I recommend approving the settlement, and I further find it unnecessary to opine on whether counsel's $600 hourly rate is reasonable. Similarly, while I find that the total fee amount is fair and reasonable and recommend approval of the settlement, I do not address whether counsel's fee structure in the attached retainer is fair and reasonable.  Indeed, I have previously found Mr. Hassan's billing rate unreasonable. See Castillo v. Cranes Express Inc., No. 18 CV 1271, 2018 WL 7681356, at *4–5 (E.D.N.Y. Dec. 12, 2018), report and recommendation adopted, No. 18 CV 1271 (E.D.N.Y. Jan. 3, 2019).  To the extent that counsel's convoluted retainer, see Settl. Mot. Ex. 3 § IV ("Payments Required"), would allow plaintiff's counsel to recover payment from plaintiff in addition to the fees secured under the Agreement, I would not recommend approval in this case.  See Gurung, 226 F. Supp. 3d at 231 (S.D.N.Y. 2016) ("Venegas did not hold that, in a case where a court has a statutory responsibility to assure that the allocation of settlement proceeds is reasonable and fair to the plaintiff, the Court must defer to a lawyer's retainer agreement with his or her client."); Cuevas v. Our Children First, Inc., No. 19 Civ. 07322, 2019 WL 7815619, at *1 (S.D.N.Y. Dec. 4, 2019) (citations omitted) ("[W]hen a district court considers the reasonableness of a FLSA settlement, the Retainer Agreement is not 'immune from scrutiny' nor can the parties impede on 'the Court's vital role under the FLSA as independent arbiter of a settlement's fairness, including assuring that its legal-fee component is free from over-reaching.'"). See also Ceesae v. TT's Car Wash Corp., No. 17 CV 291, 2018 WL 1767866, at *3–4 (E.D.N.Y. Jan. 3, 2018), report and recommendation adopted, 2018 WL 741396 (E.D.N.Y. Feb. 7, 2018) (citing Seck v. Dipna Rx, Inc., No. 16 Civ. 7262, 2017 WL 1906887, at *3 (S.D.N.Y. May 8, 2017)).  However, plaintiff's counsel will not recover any additional payment from plaintiff, since counsel states he is due to receive $6,000, inclusive of fees and costs. See Settl. Mot. 2.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should grant the parties' instant motion for settlement approval. Plaintiff's counsel shall send a copy of this Report to his client forthwith.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

                                                                    /S/
                                            LOIS BLOOM
                                            United States Magistrate Judge

Dated: January 11, 2021
       Brooklyn, New York